[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of a sublease of property located at 1890 Dixwell Avenue in the Town of Hamden between the sublessor Built in America, Inc., d/b/a Sunrooms, Etc., and the defendant herein the sublessee PC Warehouse EKA Microcomp, Inc., the plaintiff herein.
The sublease dated July 26, 1988 by its terms commenced on July 1, 1988 and was to coincide with the term of the primary lease between the sublessor herein and the lessor therein, Bedford Properties, Inc.
The sublease by its express terms was made subject to the terms of the primary or basic lease.
Section two(b) of the sublease required the sublessee to post the sum of $6,635.40 as security for the faithful performance of the terms of the sublease. This sum was posted by the plaintiff.
The sublease terminated in February 1991. Thereafter, the plaintiff moved to another location in the same shopping center and is presently occupying those premises. The plaintiff posted a second security deposit of $3,000.00 with the landlord. It is not clear whether the lease for the new location is a new lease or merely a renewal of the old lease between the plaintiff and the defendant herein. It would appear from the fact CT Page 13550 that that plaintiff was required to post a security of $3,000.00 that this was a new lease and that the old lease had expired in February 1991.
The only defense set forth by the sublessor is the Statute of Limitations alleging that § 52-576 of the Connecticut General Statutes requiring that any action brought on any simple or implied contract must be brought within six years of the time such action accrued.
The writ summons and complaint herein is dated May 5, 1998 with a return date of June 6, 1998. In hand service was made upon the defendant on June 2, 1998.
"Section 52-526 (a) provides in relevant part `[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the cause of action accrues. . . .'" "Applied to a cause of action, the term to accrue means to arrive; to commence; to come into existence; to become a present enforceable demand." (Internal quotation marks omitted). D'Occhio v. RealEstate Commission, 189 Conn. 162, 182, 455 A.2d 833, (1983). "While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action." (Internal quotation marks omitted).Engelman v. Connecticut General Life Insurance Co., 240 Conn. 287, 294
n. 7, 690 A.2d 882 (1997)
When the original sublease expired and the sublessee was asked to move to an adjacent location whatever lease was entered into was for a different premises and caused the expiration of the old lease as far as the defendant herein was concerned. It was at this time that the cause of action accrued. Since more than six years have expired since that time, i.e., February 1991, the plaintiff is thus barred from bringing this action.
Judgment may enter for the defendant.
The Court
By Curran, J.